MYRON J. MORGENROTH v. NORTHERN OHIO TRAC. & L. CO.

1. **More Than Ordinary Care in Operation of Street Car on Street Where Children Congregate.**

   In an action for damages against a traction company for injuries sustained by a child run over while playing in the street, a request to charge the jury, "That a street railway company in the operation of its cars upon the public streets is required to exercise more care at those places where children congregate and play than is ordinarily required," should not be given, for "ordinary care" is the standard, and not "more care than is ordinarily required."

2. **Matters Omitted Must Render Charge Misleading.**

   A general exception to the court's charge does not go to matters omitted, unless such omission renders the charge misleading.

ERROR.

## HENRY, J.

After the exhaustive argument and reargument of this case and the intimations given upon the hearing upon minor points in the case, we confine our attention now to two main questions.

An infant too young to be guilty of contributory negligence was run over by defendant's street car and lost its legs. The jury found for the defendant.

Morgenroth v. Northern Ohio Trac. & L. Co.

There was some evidence to show that children were wont to play near the scene of the accident and the plaintiff below before argument in writing requested the court to charge upon that subject as follows:

"4. That a street railway company in the operation of its cars upon the public streets is required to exercise more care at those places where children congregate and play than is ordinarily required. And it is the duty of the railway company to know at what places, if any, small children are in the habit of congregating and playing.

"And if the jury find from the evidence that small children were in the habit of congregating and playing at or near the place of this accident at and prior to the time of this accident, it would be the duty of the defendant company to exercise more care in the operation of its cars at this point than is ordinarily required, and failure to do so would be negligence on the part of the defendant company."

This was refused (over exception) and, as we think, properly so, because "more care than is ordinarily required" is too vague a standard to fix for the jury's guidance. Indeed it is absolutely erroneous; for "ordinary care" is the standard, and not "more care than is ordinarily required." It may possibly be questioned, too, whether the duty of the company to know is not too broadly affirmed. But the subject was thus properly brought to the court's attention and a correct charge on the subject was called for (*Lytle* v. *Boyer*, 33 Ohio St. 506). But it was nowhere given, except abstractly, in the general charge, in the statement that the amount of care required of the defendant varied with the amount of danger encountered. The only exceptions reserved in this behalf were the exception to the refusal to give plaintiff's said request before argument and the general exception, under the statute, to the charge as given. Neither of these exceptions alone, nor the two combined, suffice to save the precise question here sought to be made. The request was erroneous, and the general charge as it stands is not. A general exception to the court's charge does not go to matters omitted, unless such omission renders the charge misleading.

It can not be said that this charge is misleading. It contains no affirmative error. The court's ruling to which the first exception was addressed was strictly correct. So was the court's charge to which the second exception was addressed. Neither exception is well taken. A majority of the court (our brother Marvin dissenting) hold that a specific exception should have been reserved to the omission of the trial court to charge correctly upon the subject-matter brought to its attention by the plaintiff's technically imperfect request. *Columbus Ry.* v. *Ritter,* 67 Ohio St. 64 [65 N. E. 613].

The other question is upon the defendant's first request to charge before argument which was allowed as follows:

"If you find that the car in question was proceeding up West Market street and approaching Oakdale avenue at a reasonable rate of speed, and you further find that the motorman on said car running westerly saw two little children not in front of his car and in such close proximity thereto as to cause him in the exercise of reasonable care to believe that there was danger of running said two children down, and you find that, in the proper discharge of his duty to said children, he watched them as they went across the track until they got beyond the sphere of danger, and that by reason of his attention being attracted by said children crossing the track he did not see the Morgenroth boy approach the car that he was running until it was too late to stop his car, by reason of which the said Morgenroth boy was run over, the defendant would not be liable."

This was excepted to for the reason that it fails to take into account the motorman's possible opportunity to see the Morgenroth boy approaching the car before his attention was distracted by the other two boys' danger and in time to avoid injuring any of the three. We think this distinction is a little too finely drawn both in fact and in law. If, as the request expressly presupposes, the cause of the motorman's failure to see the Morgenroth boy was the distraction of his attention by the other boys' danger, how can it be claimed that such failure was caused by the motorman's previous inattention? If, moreover, as the request further presupposes, he was in the exercise of

ordinary care in all that he did while the boys were within the sphere of danger, what more can the law require? The various requests given seem to have fully presented every aspect of the case, except as already discussed, and we think that defendant's first request as given does not conflict with any other view which the jury were or should have been free to consider.

We have given an unusual amount of time and attention to this case, and, pending the reargument, we called to counsel's notice the difficulties which we had encountered in our previous deliberations upon it, to the end that we might have the utmost aid that might be afforded to us.

We find no error in the record and the judgment is affirmed.

**Marvin** and **Winch, JJ.,** concur.